Case 6:14-cv-06016-GAP-TBS Document 146 Filed 12/16/14 Page 1 of 4 PageID 2468

Case MDL No. 2557 Document 305 Filed 12/12/14 Page 1 of 1

FILED
12/16/2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AUTO BODY SHOP ANTITRUST LITIGATION     MDL No. 2557

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs and 66 defendants in the Northern District of Illinois action listed on Schedule A (*Crawford*) move under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2557. Forty defendants in MDL No. 2557 submitted an interested party response stating that they support the motions to vacate. The Allstate defendants oppose the motions to vacate and support transfer of *Crawford*.[1]

The parties opposing transfer acknowledge that *Crawford*, like the actions in MDL No. 2557, alleges a conspiracy in the automobile insurance industry to suppress the reimbursement rates applicable to automobile collision repair shops, but they argue that transfer is not appropriate for several reasons, none of which we find convincing.

First, they argue that *Crawford* involves materially different factual issues with respect to (1) the alleged role of third-party information providers which compile industry data and provide the estimating programs insurers use to determine rates, and (2) the harms allegedly suffered by shops outside the context of "direct repair programs" (DRPs), which they describe as the focus of MDL No. 2557. The Panel's initial transfer order observes that the common factual allegations in MDL No. 2557 encompass allegations concerning the roles of "three third-party information services companies – ADP, CC, and Mitchell" – which are the same information providers at issue in *Crawford*. *See In re: Auto Body Shop Antitrust Litig.*, — F. Supp. 3d —, 2014 WL 3908000, at *1 (J.P.M.L. Aug. 8, 2014). Moreover, the *Crawford* complaint raises numerous factual issues concerning the role of DRPs in allegedly suppressing reimbursement on an industry-wide basis, which the Panel determined were appropriate for centralized proceedings.[2] *See id.* at *2 (centralizing actions based on, *inter alia*,

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] We do not list the names of the responding defendants individually in this order because of their large number. The 66 defendants joining in the *Crawford* defendants' motion to vacate allegedly are companies in the State Farm, GEICO, Progressive, Farmers, and Liberty Mutual families of companies, and a full listing of those defendants appears in Doc. No. 177. The Allstate defendants in *Crawford* supporting transfer are listed in Doc. No. 219. The 40 defendants from MDL No. 2557 joining the interested party response opposing transfer are listed in Doc. No. 179.

[2] *See Crawford* First Am. Compl. ¶¶ 44-49 (alleging that DRPs are used "to establish the artificial prevailing rate, which is then imposed upon the entire collision repair industry").

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
SHERYL L. LOESCH, CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____ DEPUTY CLERK

-2-

the "allegation of an industry-wide conspiracy" to suppress reimbursement rates, "including complex issues concerning the role of 'direct repair programs' in furtherance of the alleged scheme").

Second, the parties opposing transfer contend that *Crawford* is not appropriate for transfer because the complaint is brought against a discrete group of defendants under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), which is a different basis of liability than in the federal antitrust claims in the MDL. We find this argument equally unconvincing. Although *Crawford* is not an antitrust action, it is based upon the same core factual allegations as the already-centralized antitrust actions, and it involves the defendants in the MDL that allegedly have the largest market shares in the industry.[3] When common factual issues exist, "the presence of different legal theories among the subject actions is not a bar to centralization." *In re: Bank of New York Mellon Corp. Foreign Exchange Transactions Litig.*, 857 F. Supp. 2d 1371, 1373 (J.P.M.L. 2012); *see also In re: Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012) ("the presence of additional facts or differing legal theories is not significant when the actions still arise from a common factual core"). Nor does transfer require a complete identity of parties. *In re: Processed Egg Prods. Antitrust Litig.*, 588 F. Supp. 2d 1366, 1367 (J.P.M.L. 2008). Indeed, our initial transfer order in MDL No. 2557 centralized actions involving both "the nation's leading insurance carriers and dozens of regional companies" which were not common to all actions, noting that a complete identity of parties was not required given the common factual core. *See In re: Auto Body Shop Antitrust Litig.*, 2014 WL 3908000, at *1.

Third, the opponents of transfer contend that *Crawford*'s putative class claims are not amenable to coordination with the individual actions in the MDL, which should be given special consideration given the large number of parties opposing transfer. Although the putative class claims undoubtedly will involve some unique issues, the transferee judge has the discretion to handle those issues through the use of appropriate pretrial devices, such as separate tracks for discovery and motion practice. *See, e.g., In re: Countrywide Fin. Corp. Mortgage- Backed Sec. Litig.*, 812 F. Supp. 2d 1380, 1383 (J.P.M.L. 2011). We routinely include individual and class actions in a single docket. *See, e.g., In re: Capital One Tel. Consumer Prot. Act Litig.*, 908 F. Supp. 2d 1366, 1367 & n.3 (J.P.M.L. 2012) (centralizing 28 individual actions and three class actions).

Fourth, they suggest that transfer is not warranted given the pendency of motions to dismiss which, if granted, could terminate the MDL proceedings. We decline to speculate on the outcome of those motions, but considering the transfer of twelve actions to MDL No. 2557 as recently as this month, we find no reason to believe that the MDL is winding down.[4]

---

[3] *Crawford* alleges that the illegal scheme involves the top ten private passenger auto insurers in the country, including defendants State Farm, Allstate, GEICO, Progressive, Farmers, Nationwide, and Liberty Mutual, and alleged co-conspirators Nationwide, Travelers, and American Family.

[4] The *Crawford* plaintiffs also contend that informal coordination is a practicable alternative to transfer. The Panel previously determined that voluntary coordination was not practicable given the large number of involved defendants, and finds no basis for departing from that determination on

-3-

After considering the argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 2557, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Middle District of Florida was an appropriate Section 1407 forum for actions stemming from an alleged industry-wide conspiracy to suppress the reimbursement rates applicable to automobile collision repair shops, including complex issues concerning the role of "direct repair programs" in furtherance of the alleged scheme. *See In re: Auto Body Shop Antitrust Litig.*, 2014 WL 3908000, at *1-2. The *Crawford* action involves the same core factual allegations and thus falls squarely within the subject matter of the MDL.

IT IS THEREFORE ORDERED that this action is transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Gregory A. Presnell for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Marjorie O. Rendell        Lewis A. Kaplan
Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry

---

this record. *See In re: Auto Body Shop Antitrust Litig.*, 2014 WL 3908000, at *2.

**IN RE: AUTO BODY SHOP ANTITRUST LITIGATION**                    MDL No. 2557

**SCHEDULE A**

<u>Northern District of Illinois</u>

CRAWFORD'S AUTO CENTER, INC. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL., C.A. No. 1:14-03146