UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| CRAWFORD'S AUTO CENTER, INC. and K&M COLLISION, LLC, on behalf of themselves and all others similarly situated, | * * * |
| | * Case No: 6:14-cv-06016-GAP-TBS |
| Plaintiffs, | * |
| v. | * (*Crawford's* Action) |
| | * |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al*., | * MDL Docket No. 2557 * * |
| Defendants. | * * |

## CERTAIN DEFENDANTS' MOTION TO STRIKE EXHIBITS FILED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, certain undersigned Defendants hereby jointly move to strike Plaintiffs' exhibits B, C, D, E-1 to E-7, F and G (Dkts. 216-2 to 216-12) submitted in support of Plaintiffs' Opposition Memorandum (Dkt. 216) to Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint ("SAC"). The grounds and authority for this motion are set forth in the following supporting memorandum, which are incorporated as part of this Motion.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| CRAWFORD'S AUTO CENTER, INC. and K&M COLLISION, LLC, on behalf of themselves and all others similarly situated, | * * * |
| | * Case No: 6:14-cv-06016-GAP-TBS |
| Plaintiffs, | * |
| v. | * (*Crawford's* Action) |
| | * |
| | * MDL Docket No. 2557 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al*., | * * |
| | * |
| Defendants. | * |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXHIBITS**

Pursuant to Federal Rule of Civil Procedure 12(f), certain undersigned Defendants submit this memorandum of points and authorities in support of their joint Motion to Strike Plaintiffs' exhibits B, C, D, E-1 to E-7, F and G (Dkts. 216-2 to 216-12) (the "Exhibits") submitted in support of Plaintiffs' Opposition Memorandum (Dkt. 216) to Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint ("SAC").

**I. INTRODUCTION**

Defendants have moved to dismiss Plaintiffs' SAC for failure to state a claim for relief pursuant to Rules 8, 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On April 23, 2016, Plaintiffs filed an Opposition Memorandum to Defendants' Motions to Dismiss Plaintiffs' SAC. In an improper (and futile) attempt to bolster their deficient allegations, Plaintiffs also attempted to submit at least 1,279 pages of extraneous pleading material in exhibits B, C, D, E-1 to E-7, F and G to the Opposition,[1] (Dkts. 216-2 to 216-12),

---

[1] Plaintiffs referenced Exhibit G in their Opposition Memorandum but apparently failed to file it.

which were not attached to their SAC, and are anything but central to their alleged RICO, fraud and unjust enrichment claims.[2]

Plaintiffs' submission of the Exhibits is entirely improper at this stage in the proceedings. On a Rule 12(b)(6) motion to dismiss, the Court may only consider matters that are contained within the complaint or documents attached or referred to in the complaint that are central to Plaintiffs' claims.[3] "Evidence" such as the Exhibits, which are outside the pleadings and hardly central to Plaintiffs' claims, may not be considered in the Court's Rule 12(b)(6) analysis. Defendants have submitted no matters outside the pleadings, and their motion is strictly limited to the face of Plaintiffs' SAC. It would not be appropriate to consider extraneous matters submitted in Plaintiffs' opposition, much less convert the motion into one for summary judgment,[4] where the question is whether the SAC states a claim in the first instance. Accordingly, the Exhibits should be "excluded by the court." Fed. R. Civ. P. 12(d). Moreover, it is procedurally improper for Plaintiffs to attempt cure their pleading defects through extrinsic evidence. For these reasons, this Court should strike or disregard Plaintiffs' Exhibits.

---

[2] The instant motion does not address the insufficiencies of the extraneous new materials contained in the Exhibits. To the extent the Court determines it may properly consider the Exhibits in resolving Defendants' motions to dismiss, Defendants have separately addressed the insufficient contents of the Exhibits in their reply briefs in support of the motions to dismiss.

[3] Under Federal Rule of Civil Procedure 12(d), if matters outside the pleadings are presented to and not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Austin v. Modern Woodman of America*, 275 Fed. App'x 925, 926 (11th Cir. 2008); *Napier ex rel. Napier v. Florida Dept. of Corrections*, No. 09-CV-61158, 2010 WL 2427442, at *2 (S.D. Fla. June 16, 2010).

[4] A non-moving party may not convert a motion to dismiss to one for summary judgment. *See, e.g., Fed. Ins. Co. v. Bonded Lightning Protection Sys.*, No. 07-80767-CIV, 2008 WL 511260, at *3 (S.D. Fla. Dec. 3, 2008); *Automated Transaction Corp. v. Bill Me Later, Inc*., No. 09-61903, 2010 WL 1882264, *3 (S.D. Fla. May 11, 2010).

# ARGUMENT

In considering a motion to dismiss brought pursuant to Rule 12(b)(6), the Court's inquiry is restricted to whether the allegations of the complaint are legally sufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). For this reason, "it is improper for Plaintiff to file exhibits in support of [the] response to the Motion to Dismiss. At the motion to dismiss stage, the Court may only rely upon the allegations contained within the four corners of the complaint." *Stanley v. Life Ins. Co. of North America*, 426 F. Supp. 2d 1275, 1278 (M.D. Fla. 2006); *see also U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015); *Jallali v. Nova Southeastern University Inc.*, 486 F. App'x 765, 767 (11th Cir. 2012) ("a party cannot amend a complaint by attaching documents to a response to a motion to dismiss"); *Bateman Harden PA v. Francis*, No. 4:10cv136-MCR/ CAS, 2012 WL 3689402, at *2 (N.D. Fla. Aug. 27, 2012) (citing *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 & n. 7 (11th Cir. 2006)) ("When reviewing a motion to dismiss, the court considers only the allegations in the complaint and exhibits attached thereto and incorporated into the complaint by reference.").

As a result, courts routinely strike or disregard materials outside the four corners of the pleading that were submitted in connection with an opposition to a motion to dismiss. For example, in *Leedom Management Group, Inc. v. Perlmutter*, No. 8:11-cv-2108-T-33TBM, 2012 WL 503904, at *2 (M.D. Fla. Feb. 15, 2012) , the court stated that:

> the Court will strike the lengthy affidavit of Christopher M. Leedom, which is attached to the Response to the Motion to Dismiss. The affidavit is replete with factual allegations that do not appear on the face of the Complaint. It is apparent to the Court that Plaintiffs prepared the affidavit in a misguided attempt to bolster the Complaint and cure deficiencies identified in the Motion to Dismiss. The affidavit has no place at this juncture, where the Court's

analysis is confined to the four corners of the Complaint and documents attached thereto.

*Id.* The court therefore struck the affidavit attached to the plaintiffs' response to the motion to dismiss. *Id; see also Bateman Harden PA*, 2012 WL 3689402, at *2 (sustaining objection and disregarding exhibits attached to plaintiff's opposition to motion to dismiss).

Courts from other jurisdictions have similarly held that defects in a complaint may not be cured through evidence or attachments submitted in opposition to a motion to dismiss. *See, e.g., Thompson v. Washington Nat'l Ins. Co*., No. 2:14-CV-00660-DN, 2015 WL 8346166, at *4 (D. Utah Dec. 8, 2015) (striking "attachments in [plaintiff]'s Opposition Memorandum" as "attempts to introduce extrinsic evidence that is not otherwise included in or attached to the Complaint," and "neither referred to in the Complaint nor central to [plaintiff]'s claims"); *Sanchez-Bonilla v. Shinseki*, No. CIV. 11-1322CCC, 2012 WL 174957, at *2 n.1 (D.P.R. Jan. 18, 2012) ("In an effort to bolster her opposition, instead of requesting to amend it, plaintiff has submitted five exhibits totaling 53 pages, including deposition testimony, in support of her opposition. These exhibits are STRICKEN. This is not a motion for summary judgment; it is a motion to dismiss, based on the pleadings alone"); *Puma v. Hall*, No. 1:08-CV-1451-LJM-JMS, 2009 WL 5068629, at *5 n.3 (S.D. Ind. Dec. 17, 2009) ("[Defendant] moved to strike the Plaintiffs' exhibits in response to [Defendant]'s Motion, arguing that the exhibits improperly bolstered the Plaintiffs' Complaint at the pleading stage. The Court agrees . . . [T]he Plaintiffs' exhibits represent an impermissible attempt to demonstrate the reasonableness of the inferences that the Plaintiffs' argue can be drawn from their Complaint.")

Plaintiffs' Exhibits contain extraneous materials that were not attached to the SAC. While Plaintiffs correctly note that "a document need not be physically attached to a pleading to be incorporated by reference into it," the Court may only consider such a document "if that document is **central** to the plaintiff's claims." Opp. at n.3 (citing *Daewoo Motor America v. General Motors Corp.*, 459 F.3d 1249, 1266 n. 11 (11th Cir. 2006)).[5] Here, however, Plaintiffs have not submitted some written instrument that forms the basis for their claims, but instead, have submitted thousands of pages of extremely granular or tangential evidentiary materials, such as purported body shop invoices and repair orders and insurer estimate supplements (Exhibits E1 - E7), insurance policies, and internal claims handling manuals, that neither constitute nor evidence any alleged racketeering enterprise or any alleged fraudulent misrepresentation by any Defendant.

Moreover, the Exhibits have not been properly authenticated for any purpose, as Plaintiffs fail to identify who generated the documents, when, or how. For example, Exhibit B purports to contain insurers' policy exemplars in Pennsylvania and North Carolina. However, the documents are undated, incomplete, unauthenticated, and in certain instances, fail to identify the source, the policy type, the applicable state, who is the policyholder or who is the specific Defendant insurer. Indeed, even for documents that purport to be business records from Plaintiff Crawford's Auto Center, Inc. itself (*see* Exhibits E1 - E7), Plaintiffs fail to submit any custodian of records affidavit. *See Greer v. Tran*, No. CIV.A. 02-3145, 2003 WL 21467558, at *4 (E.D. La. June 23, 2003) (considering "two Exhibits to

---

[5] Several of Plaintiffs' cited cases are readily distinguishable because they involved documents that were appended by the *defense* to the motion to dismiss and were *central* to the claims at issue. *See Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284-85 (11th Cir. 2007); *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999).

[plaintiff's] opposition," to motion to dismiss and holding that "[b]ecause both the documents are unsworn, unverified, and unauthenticated, they are inadmissible and stricken from the record"). As Plaintiffs' Exhibits offer documents entirely outside the SAC that are not central to their claims, they are procedurally improper and should be stricken.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court strike Exhibits B, C, D, E-1 to E-7, F and G (Dkts. 216-2 to 216-12) offered in support of Plaintiffs' Opposition Memorandum to Defendants' Motion to Dismiss.

**LOCAL RULE 3.01(G) CERTIFICATION**

Undersigned counsel, pursuant to Local Rule 3.01(g), certifies that he has conferred with counsel for Plaintiffs, on May 12, 2016, and is authorized to represent that Plaintiffs' counsel opposes the relief requested in the instant motion.

Dated: May 16, 2016                     Respectfully submitted,

/s/ Richard L. Fenton
Richard L. Fenton (admitted *pro hac vice*)
Mark L. Hanover (admitted *pro hac vice*)
Dentons US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Tel: (312) 876-8000
Fax: (312) 876-7934
Email: richard.fenton@dentons.com
Email: mark.hanover@dentons.com

Bonnie Lau
Dentons US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105
Tel: (415) 882-5000
Fax: (415) 882-0300
Email: bonnie.lau@dentons.com

Lori J. Caldwell (Florida Bar No. 026874)
Rumberger, Kirk & Caldwell, P.A.
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Facsimile:  (407) 841-2133
Email: lcaldwell@rumberger.com

*Counsel for The Allstate Corporation, Allstate Insurance Company, Allstate County Mutual Insurance Company, Allstate Fire & Casualty Insurance Company, Allstate Indemnity Company, Allstate New Jersey Insurance, Allstate New Jersey Property & Casualty Insurance Company, Allstate Property & Casualty Insurance Company, Encompass Indemnity Company, Esurance Insurance Company, and Esurance Property & Casualty Insurance Company*


/s/ David L. Yohai (w/permission)
David L. Yohai (admitted *pro hac vice*)
John P. Mastando III (admitted *pro hac vice*)
Eric S. Hochstadt (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel:  (212) 310-8000
Fax:  (212) 310-8007
david.yohai@weil.com
john.mastando@weil.com
eric.hochstadt@weil.com

*Counsel for Farmers Insurance Exchange, Truck Insurance Exchange, Farmers Insurance Company of Arizona, Farmers Insurance Company of Oregon, Farmers Insurance Company of Washington, Farmers Insurance Company, Inc., Farmers Texas County Mutual Insurance Company, Illinois Farmers Insurance*

*Company, Mid-Century Insurance Company, Foremost County Mutual Insurance Company, Bristol West Insurance Company, Coast National Insurance Company, 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, and 21st Century Insurance Company*

/s/ Joseph E. Ezzie (w/permission)
Joseph E. Ezzie (admitted *pro hac vice*)
Trischa Snyder Chapman (admitted *pro hac vice*)
BAKER HOSTETLER LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215-4260
Telephone: (614) 228-1541
Facsimile: (614) 462-2616
jezzie@bakerlaw.com
tchapman@bakerlaw.com

Ernest E. Vargo (admitted *pro hac vice*)
Michael E. Mumford (admitted *pro hac vice*)
BAKER HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114-1214
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
evargo@bakerlaw.com
mmumford@bakerlaw.com

*Counsel for Liberty Mutual Holding Company, Inc., Liberty Mutual Group, Inc., The First Liberty Insurance Corporation, Liberty County Mutual Insurance Company, Texas, Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, LM General Insurance Company, Peerless Insurance Company, Safeco Insurance Company of America, and Safeco Insurance Company of Illinois*

/s/ Jeffrey S. Cashdan (w/permission)
Jeffrey S. Cashdan (admitted *pro hac vice*)
Claire C. Oates (admitted *pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 472-5139
jcashdan@kslaw.com
coates@kslaw.com

/s/ Michael R. Nelson (w/permission)
Michael R. Nelson (admitted *pro hac vice*)
Kymberly Kochis (admitted *pro hac vice*)
Francis X. Nolan (admitted *pro hac vice*)
SUTHERLAND ASBILL & BRENNAN LLP
1114 Avenue of the Americas, 40th Floor
New York, NY 10036-7703
Telephone: (212) 389-5068
michael.nelson@sutherland.com
kymberly.kochis@sutherland.com
frank.nolan@sutherland.com

*Counsel for The Progressive Corporation,
Progressive American Insurance Company,
Progressive Casualty Insurance Company,
Progressive Classic Insurance Company,
Progressive Michigan Insurance Company,
Progressive Mountain Insurance Company,
Progressive Northern Insurance Company,
Progressive Northwestern Insurance,
Progressive Preferred Insurance Company,
Progressive Security Insurance Company,
Progressive Southeastern Insurance Company,
Progressive West Insurance Company,
Progressive Gulf Insurance Company,
Progressive Specialty Insurance Company,
Progressive Advanced Insurance Company,
Progressive Choice Insurance Company,
Progressive Direct Insurance Company,
Progressive Garden State Insurance,
Progressive Marathon Insurance Company,
Progressive Paloverde Insurance Company,
Progressive Select Insurance Company,*

*Progressive Premier Insurance Company of Illinois, Progressive Universal Insurance Company, Artisan & Truckers Casualty Company, United Financial Casualty Company, and Progressive County Mutual Insurance Company*


<u>/s/ Michael H. Carpenter</u> (w/permission)
Michael H. Carpenter
Michael N. Beekhuizen
David J. Barthel
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
carpenter@carpenterlipps.com
beekhuizen@carpenterlipps.com
barthel@carpenterlipps.com

Joshua S. Goldberg (ARDC #6277541)
CARPENTER LIPPS & LELAND LLP
180 North LaSalle Street, Suite 2640
Chicago, Illinois 60601
Telephone: (312) 777-4300
Facsimile: (312) 777-4839
goldberg@carpenterlipps.com

*Counsel for Nationwide Mutual Insurance Company, Allied Property & Casualty Insurance Company, AMCO Insurance Company, Colonial County Mutual Insurance Company, Depositors Insurance Company, Nationwide Affinity Insurance Company of America, Nationwide Agribusiness Insurance Company, Nationwide Insurance Company of America, Nationwide Mutual Fire Insurance Company, and Nationwide Property & Casualty Insurance Company*

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*/s/ Dan W. Goldfine* (w/permission)
Dan W. Goldfine (*admitted pro hac vice*)
Joshua Grabel (*admitted pro hac vice*)
Jamie L. Halavais (*admitted pro hac vice*)
Ian M. Fischer (*admitted pro hac vice*)
201 E. Washington Street, Suite 1200
Phoenix, Arizona  85004
Telephone: 602-262-5311
Facsimile:  602-262-5747
Email:  dgoldfine@lrrc.com
 jgrabel@lrrc.com
 jhalavais@lrrc.com
 ifischer@lrrc.com

*Counsel for Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, GEICO Secure Insurance Company, and GEICO County Mutual Insurance Company*