UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRAWFORD'S AUTO CENTER, INC.
and K & M COLLISION, LLC,

    Plaintiffs,

v.                                                Case No:   6:14-cv-6016-Orl-31TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Defendants.

## ORDER

This case comes before the Court on Certain Defendants' Motion to Strike Exhibits Filed in Support of Plaintiffs' Opposition to Motion to Dismiss (Doc. 225).  Plaintiffs oppose the motion (Doc. 229).

Plaintiffs' Second Amended Class Action Complaint (the "SAC"), contains seven counts alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d); one count of fraud; and one count alleging unjust enrichment (Doc. 205).  At their core, Plaintiffs' claims are that Defendants have engaged in "long-running unlawful conduct to suppress compensation to repair facilities for automotive collision repairs covered by insurance."  (SAC, ¶ 1).  Defendants have motioned the Court to dismiss the SAC (Docs. 209-211).  Plaintiffs' response ("Response") to the motions to dismiss includes twelve exhibits totaling 1,490 pages (Doc. 216).

Some of the Defendants have moved the Court to strike Exhibits B, C, D, E-1 to E-7, and F to the Response (Doc. 225).  They argue that: (1) on a Fed. R. Civ. P. 12(b)(6)

motion, the Court can only consider the averments in the complaint, and documents attached to or referred to in the complaint that are central to Plaintiffs' claims; (2) the exhibits in question are evidence that is not central to Plaintiffs' claims; (3) Defendants have not submitted any documents outside the pleadings in support of their motions to dismiss; (4) it is not appropriate for the Court to consider extraneous information; (5) Plaintiffs, as non-moving parties, cannot convert the motions to dismiss into motions for summary judgment; (6) Plaintiffs cannot cure pleading defects through extrinsic evidence; and (7) the exhibits have not been properly authenticated (Id., at 3-7).

Under FED. R. CIV. P. 12(f) the district court can "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiffs' Response is not a pleading and a motion to strike is not the correct way to attack it. See FED. R. CIV. P. 7(a). Nevertheless in this instance, the Court will construe the motion as an objection and proceed to the merits.

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) the court ordinarily may not look beyond the pleadings. U.S. v. Humana, Inc., 776 F.3d 805, 811 (11th Cir. 2015); Benson v. QBE Ins. Corp., 61 F.Supp.3d 1277, 1279 (S.D. Fla. Nov. 21, 2014) ("On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court considers only the four corners of the complaint, along with any documents attached to the complaint or incorporated into the complaint by reference."); Bateman Harden P.A. v. Francis, No. 4:10cv136-MCR/CAS, 2012 WL 3689402, at *2 (N.D. Fla. Aug. 27, 2012).

If the court does consider other evidence, it must generally convert the motion to dismiss into a FED. R. CIV. P. 56 motion for summary judgment. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005). But this is not always the case. The court may consider a document attached to a motion to dismiss without converting the motion into a motion

for summary judgment if the document "is: (1) central to the plaintiff's claim; and (2) undisputed."  Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In ruling on a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.").  "This rule 'logically extends to documents attached to a plaintiff's response.'"  Ritz v. Lake County, Ill., No. 08 C 5026, 2010 WL 2025392, at *2 (N.D. Ill. May 20101).  The court may also consider judicially noticed documents.  U.S. ex rel. Osheroff v. Humana, Inc., 776 F.3d 805, 811 (11th Cir. 2015).

Although movants raise the issue of authenticity, they do not claim that they don't recognize the exhibits, some of which they created, or that the exhibits are not what they purport to be (Doc. 225 at 6).  After the Response was filed, Plaintiffs submitted the affidavits of Stephen E. Behrndt, President of Plaintiff Crawford's Auto Center, Inc., and K. Michael Bradshaw, Vice-President of Operations for K&M Collision, LLC to further identify and authenticate the exhibits (Doc. 229-1 at 2-5).  Now, the objection based on authenticity is **OVERRULED**.

Exhibit B to the Response is a composite exhibit made up of excerpts from automobile insurance policies issued by some of the Defendants (Doc. 216-2).  The excerpts are relevant to Plaintiffs' allegations that Defendants attempt in their policies to qualify their loss payment obligations by for example, promising to pay the "'prevailing competitive price' or paying for repairs of 'like, kind and quality.'"  (SAC, ¶ 34).  The SAC alleges that "Defendant Insurers all represent that the so-called prevailing rates define the parameters of their obligation to indemnify vehicle owners under those loss provisions of their respective policies; in other words, it defines the costs of collision repair."  (Id., ¶

66).   What Defendants are willing to pay for repairs, and whether they pay prevailing or market rates are issues that are central to this lawsuit.   Therefore, the Court finds that Exhibit B is sufficiently related to the core issues in the case that the objection is **OVERRULED**.

Exhibit C is an excerpt from the Claim Estimates Manual utilized by the State Farm Defendants[1]  (Doc. 216-3; Doc. 229, at 8-9).   The SAC refers to the manual and alleges that it contains hourly labor rates, the time, scope and extent of compensable repair procedures, parts prices, and other information that purports, falsely, to reflect the prevailing rates in the auto body repair industry (SAC, ¶ 250).   The State Farm Defendants have not objected to this exhibit.   Like Exhibit B, the exhibit sufficiently relates to the central issues in the case that the objection is **OVERRULED**.

Exhibit D consists of copies of license agreements between Plaintiff Crawford's Auto Center, Inc., and non-parties CCC Information Services, Inc., Mitchell International, Inc., and AudaExplore North America, Inc. (the "Information Providers") (Doc. 216-4; Doc. 229 at 10-11).   The Information Providers license estimating software to Plaintiffs and Defendants to calculate the total cost of a repair, taking into account labor and repair procedures. (SAC, ¶¶ 67-68).   Although the repair estimates created by the Information Providers' software are depicted as an "independent standard," Plaintiffs allege that is not the case (SAC, ¶¶ 71,113).   In the SAC Plaintiffs identify the Information Providers as conspirators and members of the RICO enterprises established by Defendants (SAC, ¶ 24).   Plaintiffs allege that the estimates created using the Information Providers' software

---

[1] The State Farm Defendants are comprised of State Farm Mutual Automobile Insurance Company, State Farm General Insurance Company, State Farm Indemnity Company, State Farm Guaranty Insurance Company, State Farm Fire and Casualty Company, and State Farm County Mutual Insurance Company of Texas (Doc. 205, ¶ 16).

are intended "to constrain repair estimate and suppress compensation to repair facilities." (SAC, ¶ 113).   The license agreements attached to the Response are not between Defendants and the Information Providers and, while they may ultimately prove to be important evidence, they are not so central to the claims in the SAC that they should be considered when ruling on the motions to dismiss.   Accordingly, the objection to Exhibit D is **SUSTAINED**.   The Court will not consider Exhibit D when ruling on the motions to dismiss.

The SAC alleges over 90 instances where Plaintiffs performed repairs on vehicles insured by or covered under Defendants' policies (Doc. 229 at 11).   Plaintiffs allege that for each of these claims, one of the Defendants misrepresented the necessary compensable repair procedures and time to perform the repairs, as well as the prevailing labor and material rates (Id.).   Exhibits E-1 to E-7 are copies of repair estimates generated by Defendants and repair orders created by Plaintiffs (Docs. 216-5-216-11). Plaintiffs attached these exhibits to their Response "[t]o further illustrate and clarify the fraud for the Court."   (Id., at 12).   Plaintiffs characterize these exhibits as "illustrative samples" of Defendants' fraud and say they "are part of the foundational documents underlying" Exhibits K and M to the SAC (Id., at 12-13).   Exhibits E-1 to E-7 are evidence.   Not every piece of evidence is of equal value, entitled to equal weight, or appropriately attached to a response to a motion to dismiss.   Exhibits E-1 to E-7 are foundation documents for exhibits that are already part of the SAC.   While they may turn out to be important evidence at trial, Exhibits E-1 to E-7 are not so central to the issues raised in the motions to dismiss that they should be considered at this stage in the proceeding.   Accordingly, the objection to Exhibits E-1 to E-7 is **SUSTAINED**.   The Court will not consider Exhibits E-1 to E-7 when ruling on the motions to dismiss.

Exhibit F is not evidence and it does not contain any allegations or argument. Instead, it is a chart prepared by Plaintiffs to assist the Court in tracking the averments in the SAC. It tells the reader which averments and exhibits relate to each Defendant (Doc. 216-12). Accordingly, the objection to Exhibit F is **OVERRULED**.

Movants reference Exhibit G which they say is mentioned in, but not attached to the Response (Doc. 225 at 2, n. 1). This is a non-issue, when Plaintiffs mention Exhibit G they are referring to Exhibit G to the SAC (Doc. 229 at 2, n. 3).

The Court's decision to consider some of the exhibits attached to the Response does not convert the motions to dismiss into motions for summary judgment. The exhibits come within the exception recognized in Horsley, 304 F.3d at 1134.

**DONE** and **ORDERED** in Orlando, Florida on June 6, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record