# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| Crawford's Auto Center, Inc. and K&M Collision, LLC, on behalf of themselves and all others similarly situated, <br> v. <br> State Farm Mutual Automobile Insurance Company, *et al*. | MDL Docket No. 2557 <br><br> Case No. 6:14-cv-6016-GAP-TBS <br><br> Originally filed in the Northern District of Illinois |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Crawford's Auto Center, Inc. and K&M Collision, LLC (collectively, "Plaintiffs"), through undersigned counsel, submit this Response to Defendants' Notice of Supplemental Authority ("Notice of Supplemental Authority") (Doc. 243).

Defendants' Notice of Supplemental Authority attaches an unpublished Eleventh Circuit decision (*Lawrie v. Ginn Development Co., LLC*, Case No. 14-14758 (11th Cir. July 28, 2016)) ("*Lawrie*"), which Defendants characterize as "persuasive authority" in support of their respective Motions to Dismiss (*see* Doc. 243 at 1 and n.1).[1] *Lawrie* is not pertinent to this case; nor does it provide new guidance on principles of law. Accordingly, *Lawrie* is not persuasive authority.[2]

---

[1] As Defendants concede, unpublished decisions are not binding precedent. *See* 11th Cir. Rule 36-2; I.O.P. 6 and 7. Further, the Federal Rules of Appellate Procedure provide additional guidance on the submission of purported "Supplemental Authorities" in federal court, which should be limited to "pertinent and significant authorities." FRAP 28(j).

[2] *Lawrie* affirmed dismissal of RICO, conspiracy and "related state law claims" based on plaintiffs' failure to plead with particularity. (Doc. 243 at 1) Notably, the sole state law claim at issue on appeal in *Lawrie* was "civil conspiracy" (Doc. 243, Exh. A at 4), essentially an analogue to the RICO claims. Here, in contrast, in addition to RICO claims, Plaintiffs have asserted discrete state law claims for fraud and unjust enrichment against *each* of the Defendant Insurers, arising out the singular conduct of each of the respective Defendant Insurers.

Defendants' reference to *Lawrie* begins and ends with the unremarkable proposition that RICO mail and wire fraud claims require adherence to Fed. R. Civ. P. 9(b), in that the party alleging fraud must "state with particularity the circumstances constituting fraud or mistake" (Doc. 243, citing Exh. A at 6-8). Plaintiffs here, however, have set forth an exceptional level of detail regarding the misrepresentations and omissions by each of the Defendant Insurers (*see, e.g.,* Doc. 205 at ¶¶ 282-307 and Exhs. K, L, M, N, O and P; Doc. 216 at 3-5, 24-26, 35-54 and Exhs. C and E1-E7; Doc. 229 at 11-13 and Exh. C; Doc. 235 at 2-5 and Exh. A; Doc. 237 at 5-7; Doc. 238, *passim* and Exhs. A-C; Doc. 242 at 2-3). Yet, with every filing, Defendants blatantly ignore or mischaracterize Plaintiffs' submissions, and Defendants' attempt to draw a comparison to *Lawrie* is no different.

In *Lawrie*, plaintiffs alleged that defendant property developers and banks fraudulently inflated the sale prices of properties above fair market value (*see* Doc. 243, Exh. A at 3), but failed to allege the purported fair market value of the properties (Doc. 243, Exh. A at 21). In this case, in stark contrast, Plaintiffs have alleged the repair procedures necessary to properly restore vehicles to pre-loss condition, as well as their labor and material rates and costs, which establish accurate compensation for those repairs (*see, e.g.,* Doc. 205 at ¶¶ 282-307 and Exhs. K, L, M, N, O and P; Doc. 216 at 35-54 and Exhs. E1-E7; Doc. 229 at 11-13 and Exh. C; Doc. 235 at Exh. A; Doc. 238 at Exhs. A-C). In *Lawrie*, plaintiffs' allegations of "vouching" for fair market value and preparing deficient property appraisals were only "attributed to bank employees, not to any of … [d]efendants remaining in the case."[3] Further, with respect to the communications with the remaining (property developer) defendants, plaintiffs in *Lawrie* failed to identify who made the misrepresentations, the content of those misrepresentations, and the dates when the

---

[3] In fact, the banks settled with the plaintiffs prior to the decision of the Eleventh Circuit on appeal. (*See* Doc. 243, Exh. A at 8 n.4)

misrepresentations were made (Doc. 243, Exh. A at 21-22).[4] Again, the paucity of allegations in *Lawrie* are markedly different from this case, where Plaintiffs allege in detail how the Defendant Insurers (and the Information Providers) defraud Plaintiffs and the proposed classes through flawed, manipulated, and fabricated data developed in a "black box", estimating programs which limit the time, scope and extent of repair procedures, and scrubbed repair estimates that falsely represent necessary and compensable repair procedures to restore vehicles to pre-loss condition. In addition, Defendants cannot reasonably contend that Plaintiffs have failed to allege the "who, what and when" regarding the fraudulent communications and conduct (*see, e.g.,* Doc. 205 at ¶¶ 282-307 and Exhs. K, L, M, N, O and P; Doc. 216 at 3-5, 24-26, 35-54 and Exhs. C and E1-E7; Doc. 229 at 11-13 and Exh. C; Doc. 235 at 2-5 and Exh. A; Doc. 237 at 5-7; Doc. 238, *passim* and Exhs. A-C; Doc. 242 at 2-3). *Lawrie*, then, is simply inapt.[5]

However, a recent case that is instructive in assessing Defendants' contentions in their Motions to Dismiss and the related motion practice regarding the exhibits at issue is *George v. Urban Settlement Services*, __ F.3d. __, 2016 WL 4272377, at *1-8 (10th Cir. Aug. 15, 2016), in which the Tenth Circuit provided additional guidance on the sufficiency of pleading the existence of a RICO enterprise and the participation of the members of the enterprise. *See, e.g.*, Doc. 216 at 22-34 (and 10-14); Doc. 235 at 7-11; Doc. 237 at 9-10; Doc. 242 at 4-5.

Dated: August 30, 2016                                    Respectfully submitted,

                                                          */s/ Steven L. Bloch*
                                                          Steven L. Bloch
                                                          Bailey & Glasser LLP
                                                          One Tower Bridge
                                                          100 Front Street – Suite 1235
                                                          West Conshohocken, PA 19428

---

[4] Nor did plaintiffs in *Lawrie* allege how they were misled by falsely recorded property sales. *Id*. at 22.

[5] And, in contrast to *Lawrie* (*see* Doc. 243, Exh. A at 23 n.7), Plaintiffs here have requested, *in the alternative*, leave to re-plead as necessary. *See* Doc. 216 at 67; Doc. 229 at 14; Doc. 235 at 15; Doc. 237 at 10; Doc. 238 at 10; Doc. 242 at 5.

Tel: (610) 834-7506
Fax: (610) 845-7509
Email: sbloch@baileyglasser.com
*Lead Counsel for Crawford's Auto Center, Inc.,
K&M Collision, LLC and the Proposed Classes*

David F. Sorensen
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
Email: dsorensen@bm.net
*Counsel for Crawford's Auto Center, Inc., K&M
Collision, LLC and the Proposed Classes*

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on this 30th day of August, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                 */s/ Steven L. Bloch*
                 Steven L. Bloch
                 Bailey & Glasser LLP
                 One Tower Bridge
                 100 Front Street – Suite 1235
                 West Conshohocken, PA 19428
                 Tel: (304) 345-6555
                 Fax: (304) 342-1110
                 Email: sbloch@baileyglasser.com
                 *Lead Counsel for Crawford's Auto Center, Inc., K&M Collision, LLC and the Proposed Classes*