UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Crawford's Auto Center, Inc. and K&M Collision, LLC, on behalf of themselves and all others similarly situated,<br>v.<br>State Farm Mutual Automobile Insurance Company, *et al*. | MDL Docket No. 2557<br><br>Case No. 6:14-cv-6016-GAP-TBS<br><br>Originally filed in the Northern District of Illinois |

**PLAINTIFFS' MOTION AND SUPPORTING MEMORANDUM FOR RECONSIDERATION OF THE COURT'S ORDER DATED DECEMBER 22, 2016 STAYING <u>AND ADMINISTRATIVELY CLOSING THE CASE</u>**

Plaintiffs Crawford's Auto Center, Inc. ("Crawford's") and K&M Collision, LLC ("K&M") (collectively, "Plaintiffs"), by and through their attorneys, submit this Motion and Supporting Memorandum for Reconsideration of the Court's December 22, 2016 Order (Doc. 297) Staying and Administratively Closing the Case (the "Order").

### I. Introduction

Respectfully, there is no basis to stay or administratively close this case (the "RICO Class Action") because it indisputably concerns different claims and rests on a different foundation than the other cases filed in this MDL that are now on appeal. Accordingly, there are no judicial efficiencies to be achieved relating to the RICO Class Action by awaiting resolution of the appeals pending in the Eleventh Circuit Court of Appeals.

As noted by the Court in the Order, there are nine cases pending on appeal before the Eleventh Circuit. Those nine cases were all filed by counsel John Arthur Eaves and Allison P. Fry (the "Eaves Firm") on behalf of other plaintiffs and allege violations of the Sherman Act. The RICO Class Action, however, contains no antitrust claims. *Compare, e.g.*, Case No. 6:14-cv-6000, Doc. 87 with Case No. 6:14-cv-6016, Doc. 205.

As further noted by the Court, there are five cases still pending before the Court with outstanding motions to dismiss. Four of those five cases likewise were filed by the Eaves Firm (Case Nos. 6:14-cv-6008, 6009, 6011, and 6020), and likewise allege antitrust claims under the Sherman Act. The fifth case is the RICO Class Action, which does not allege any antitrust claims. The sole basis cited by the Court in its Order staying all five cases is that the "[r]esolution of the cases on appeal will likely resolve the *antitrust* claims in these cases." Order at 1 (emphasis added). The only cases still pending in this Court that include "antitrust claims", however, are the four cases filed by the Eaves Firm (Case Nos. 6008, 6009, 6011, and 6020). The RICO Class Action contains no "antitrust claims". Nor does the RICO Class Action allege conspiratorial conduct by *all* of the named defendant insurers (i.e., one industry-wide conspiracy) effectuating restraint of trade. Accordingly, the basis given by the Court for including the RICO Class Action in the Order simply does not apply to *this* case, and the Court should therefore dissolve the stay as to the RICO Class Action and reopen the case.

**II.    Argument**

The "Eleventh Circuit has described a motion for reconsideration as falling within the ambit of either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief from judgment or order)." *McCreary v. Brevard Cty., Fla.*, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010) (*citing, Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993)); *see Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 2008 WL 2074397, at *1 (M.D. Fla. May 15, 2008) ("it is widely recognized that Rule 59(e) encompasses motions for

reconsideration"); 11 Charles Alan Wright *et al.*, Federal Practice & Procedure § 2810.1 (3d ed. 2012).[1]

There are three major grounds which justify reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. The Ryland Grp.*, 497 F.Supp.2d 1356, 1358 (M.D. Fla. 2007). Plaintiffs' Motion here falls under the third prong, to "correct manifest errors of law" or to "prevent manifest injustice". *McCreary*, 2010 WL 2836709, at *1; *Auto-Owners Ins. Co.*, 2008 WL 2074397, at *1. "Appropriate circumstances for reconsideration include situations in which the court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination." *Auto-Owners Ins. Co.*, 2008 WL 2074397, at *1.

Plaintiffs' RICO Class Action alleges separate and distinct enterprises by which the Defendant Insurers and their exclusive Information Provider partners collaborate to systematically defraud collision repair professionals like Plaintiffs and the proposed classes, the same repair professionals that purchase collision estimating systems from the Information Providers and rely on the Information Providers as the purported industry neutral guidepost. *See* Doc. 205, passim.[2] In contrast to the cases filed by the Eaves Firm, Plaintiffs have not alleged antitrust claims. Nor do Plaintiffs allege an overarching, industry-wide conspiracy to restrain trade between and among all of the defendant insurers. By the same token, none of the cases filed by the Eaves Firm rest upon the complicit conduct of the Information Providers. There are no antitrust claims in this case which will or can be resolved by the pending appeals.

---

[1] Plaintiffs' Motion is filed within 28 days of the Court's Order, and thus is timely under Fed. R. Civ. P. 59(e).
[2] Plaintiffs also allege claims for fraud and unjust enrichment.

Accordingly, the Court's sole basis to stay the five pending cases simply does not apply to *this* case.

Nor will judicial efficiency result from a stay of this case pending the appeals. As noted by Plaintiffs in their outstanding Request for Oral Argument filed on or about August 30, 2016 (Doc. 249), Defendants' respective Motions to Dismiss were the subject of extensive briefing by the parties, including related motion practice regarding Plaintiffs' exhibits (*see* Docs. 209, 210, 211, 216, 224, 225, 226, 228, 229, 235, 236, 237, 238, 239, 240, 242, 243, 246 and 248), and there are two Orders from Magistrate Judge Smith (Docs. 234 and 244) subject to Objections filed by Plaintiffs (Docs. 237 and 246).[3] In addition, Plaintiffs have requested, in the alternative, leave to further amend or supplement their pleadings in the event that the Court is inclined to strike certain of Plaintiffs' exhibits to their Consolidated Opposition to Defendants' Motions to Dismiss which Magistrate Judge Smith did not previously permit into the record, and/or to cure any deficiencies or to add additional information, transactions and occurrences (and conduct directly relevant to claims asserted in this action continues to occur). *See, e.g.*, Doc. 216 at 67, Doc. 229 at 14, and Doc. 237 at 3 n.2, 10. Holding adjudication of these matters in abeyance pending the resolution of unrelated antitrust claims in the other cases unjustly delays the prosecution of the RICO Class Action, and prevents Plaintiffs from addressing the continuing conduct by the Defendants Insurers and their Information Provider partners.

---

[3] Plaintiffs Request to File a Response to Defendants' Second Notice of Supplemental Authority is also outstanding (Doc. 248).

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order granting Reconsideration of the December 22, 2016 Order, reopening the case, dissolving the stay, and granting such other and further relief as the Court deems just and proper.

### Local Rule 3.01(g) Certification

The undersigned counsel for Plaintiffs certifies that he has conferred with counsel for Defendants and provided a draft of the Motion. Defendants' counsel have not had the opportunity to fully consider the draft of the Motion, and will respond in due course.

Dated: January 19, 2017                              Respectfully submitted,

*/s/ Steven L. Bloch*
Steven L. Bloch
Bailey & Glasser LLP
One Tower Bridge
100 Front Street – Suite 1235
West Conshohocken, PA 19428
Tel: (610) 834-7506
Fax: (610) 845-7509
Email: sbloch@baileyglasser.com
*Lead Counsel for Crawford's Auto Center, Inc.,*
*K&M Collision, LLC and the Proposed Classes*

David F. Sorensen
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
Email: dsorensen@bm.net
*Counsel for Crawford's Auto Center, Inc., K&M*
*Collision, LLC and the Proposed Classes*

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on this 19th day of January, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                                        */s/ Steven L. Bloch*
                                        Steven L. Bloch
                                        Bailey & Glasser LLP
                                        One Tower Bridge
                                        100 Front Street – Suite 1235
                                        West Conshohocken, PA 19428
                                        Tel: (304) 345-6555
                                        Fax: (304) 342-1110
                                        Email: sbloch@baileyglasser.com
                                        *Lead Counsel for Crawford's Auto Center, Inc., K&M Collision, LLC and the Proposed Classes*